UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                    Plaintiff,   )<br>                              )<br>                              )<br>-v-                            )<br>                              )<br>EDDIE JEROME MILLS,                               )<br>                    Defendant.   )<br>                              ) | No. 1:07-cr-07-01 and<br>No. 1:07-cr-216<br><br>Honorable Paul L. Maloney |

## MEMORANDUM OPINION

In both of these criminal cases Defendant Mills, through counsel, filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (1:07cr07 ECF No. 176; 1:07cr216 ECF No. 43). Defendant seeks relief based on the changes to the "status points" provision in § 4A1.1 of the Sentencing Guidelines Manual, which were made in Part A of Amendment 821. While the changes do reduce Defendant's criminal history score, his criminal history category does not change and, therefore his sentencing guideline range does not change. Defendant is not eligible for a sentence reduction and the Court will deny the motions.

Defendant entered guilty pleas in both criminal cases. In 1:07-cr-07, Defendant agreed to plead guilty to counts 1, 3, 5, 6, and 7. Counts 1 and 3 were charges for armed bank robbery. Counts 5 and 7 were charges for armed credit union robbery. Count 6 was a charge for brandishing a firearm during a crime of violence. The Court sentenced Defendant to 252 months imprisonment for Counts 1, 3, 5, and 7, served concurrently. The Court also sentenced Defendant to an additional 7 years for Count 6, served consecutive to all other counts. In 1:07-cr-216, Defendant pled guilty to Count 5, charging him with armed

bank robbery. The Court sentenced Defendant to 252 months imprisonment, served concurrently with the armed robbery sentences in the other criminal case.

Section 3582(c)(2) permits a court to reduce a term of imprisonment when the Sentence Commission makes retroactive changes to the Sentencing Guidelines that have the effect of lowering the defendant's sentencing guideline range. The guideline range is determined by a combination of a defendant's total offense level and his or her criminal history category.

Defendant's motion relies on the reduction of status points, which are used when calculating a defendant's criminal history category. Status points refer to the additional points added to a defendant's criminal history score if the defendant commits the offense of conviction while under a criminal justice sentence (e.g., probation, parole, or supervised release). Amendment 821 lowered the number of points a defendant might receive. Defendant's presentence report calculated Defendant's total criminal history score as 17, which placed him in criminal history category VI. The total criminal history score included 2 status points under then § 4A1.1(d). Applying the retroactive changes in Amendment 821, Defendant receives only one status point under § 4A1.1(e), which reduces his total criminal history score to 16. The reduction does not affect his criminal history category because 13 or more points places a defendant in category VI. Therefore, Defendant's sentencing guideline range remains the same.

Defendant contends his total criminal history score should be 13. If Defendant accurately calculates the revised total criminal history score at 13, his criminal history category remains VI. Defendant, however, does not accurately calculate the revised total criminal

history score. Defendant earned one point under then § 4A1.1(e). While that section has since been eliminated by the Sentencing Commission in Amendment 742, the Commission did not make the change retroactive and this Court cannot consider the change in Amendment 742 as part of this motion. *See* USSG § 1B1.10(d). Defendant's calculation also reduces his criminal history score based on changes to the marijuana laws in Michigan. But, the Court cannot consider that change as part of a motion brought under § 3582(c)(2), which permits consideration only of the retroactive changes to the Sentencing Guidelines. *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (quoting § 1B1.10(b)(1)).

For these reasons, the Court **DENIES** Defendant's motions for sentence reduction (1:07cr07 ECF No. 176; 1:07cr216 ECF No. 43). **IT IS SO ORDERED.**

Date:   November 1, 2024                              /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge